This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                         **No. 35,445**

**NICK LOPEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1} Defendant appeals from the district court's judgment and order partially suspending sentence, entered following a jury trial, convicting him of one count of resisting, evading, or obstructing an officer (resisting). This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2} As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, defense counsel has restated the facts and proceedings that were already presented to this Court in Defendant's docketing statement. [*See* MIO 1-7; DS 3-8] The facts included in the memorandum in opposition do not appear to include any new information as compared with the facts and proceedings described in Defendant's docketing statement, and counsel has not pointed out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. We remind counsel that the repetition of material that has already been presented to the

Court with no indication as to which parts, if any, contradict the facts relied upon by the district court or this Court, or which parts, if any, are responsive to the notice of proposed disposition, is unnecessary and creates additional work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings she may file with this Court.

{3} With respect to Defendant's sole issue on appeal—whether the district court erred in denying his motion to dismiss for violation of his right to a speedy trial—we undertook an examination in our calendar notice of the four speedy trial factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). [*See generally* CN 2-9] Ultimately, we proposed to hold that the length of delay in this case weighs heavily in Defendant's favor, and the reasons for delay and the assertion of speedy trial rights weigh slightly in Defendant's favor. [CN 9] We went on to suggest that under these circumstances—where there appeared to have been no demonstration of actual prejudice by Defendant—we were not convinced that Defendant's constitutional right to a speedy trial was violated. [CN 9-10] *See State v. Garza*, 2009-NMSC-038, ¶ 40, 146 N.M. 499, 212 P.3d 387 (holding that because the defendant failed to show prejudice, and the other factors did not weigh heavily in the defendant's favor, the Court could not conclude that the defendant's right to a speedy trial was violated).

**{4}**     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy*, 1998-NMCA-036, ¶ 24. In fact, Defendant makes no mention whatsoever of this Court's proposed disposition in his memorandum in opposition; instead, he simply recites the facts that had already been placed before this Court in his docketing statement and presents us with the same arguments he made before the district court and in his docketing statement. [*See generally* MIO 2-13]

**{5}**     We conclude that Defendant has not met his burden on appeal. Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

**{6}**     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

4

_____
**RODERICK T. KENNEDY, Judge**